James A. HICKEY, Archbishop of Washington, Petitioner,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.

No. 81–522.

District of Columbia Court of Appeals.

Argued April 13, 1982.

Decided July 8, 1982.

Paul F. Interdonato, Washington, D.C., for petitioner.

Michael A. Milwee, Washington, D.C., for respondent.

Before MACK, FERREN and BELSON, Associate Judges.

PER CURIAM:

Petitioner appeals a final order of the Acting Director of the Department of Employment Services (Department) to the effect that lay employees of the primary and secondary schools of the Archdiocese are required to be covered by 26 U.S.C. §§ 3309(b)(1)(A) and (B) (1976) of the Federal Unemployment Tax Act (FUTA) which read

This section [requiring state law coverage of services performed for nonprofit organizations and the collection of unemployment taxes from those organizations] shall not apply to services performed—

(1) in the employ of (A) a church or convention or association of churches, or (B) an organization which is operated, supervised, controlled, or principally supported by a church or convention or association of churches; . . .

and their local corollary, D.C.Code, 1973, §§ 46–301(b)(1)(D)(i)(I) and (II) [recodified as D.C.Code 1981, §§ 46–101(2)(A)(iv)(I) and (II)]. Pursuant to the Department's ruling, the Archdiocese was informed that it was, thereafter, liable for financing the cost of unemployment benefits paid to its covered employees.

The Department based its decision, in part, on an interpretation of 26 U.S.C. § 3309(b)(1) (1976) of FUTA by then-Secretary of Labor Ray Marshall in which he ruled that "the only services performed in the schools that may reasonably be considered within the scope of the exclusion permitted by § 3309(b)(1) are those strictly church duties performed by church employees pursuant to their religious responsibilities within the schools."

The Supreme Court recently rejected former Secretary Marshall's interpretation when it ruled that church-run schools continue to be exempt from federal unemployment taxation pursuant to § 3309(b)(1)(A). *St. Martin Evangelical Lutheran Church v.*

*South Dakota*, 451 U.S. 772, 101 S.Ct. 2142, 68 L.Ed.2d 612 (1981). Petitioner contends that *St. Martin* mandates a reversal of the Department's policy toward the granting of tax-exemptions to Archdiocesan schools and urges this court to adopt the Supreme Court's interpretation of § 3309(b)(1)(A) and to engraft it onto the District's Unemployment Compensation Act. We agree with petitioner's contention and, thus, rule that § 3309(b)(1)(A) of FUTA, as it was interpreted in *St. Martin*, mandates the reinstitution of the Archdiocese's exemption from coverage under local unemployment provisions. *See Konecny v. District of Columbia Department of Employment Services*, D.C.App., 447 A.2d 31 (1982) (rejection of First Amendment Establishment Clause challenge to D.C.Code 1973, § 46–301(b)(1)(D)).

Petitioner does not request relief in the form of an order mandating the reimbursement of monies it has paid pursuant to the Department's ruling. Thus, we express no opinion as to the possible retroactive effects of this decision or the amount of reimbursement, if any, recoverable by the Archdiocese. We do, however, reverse the order of the Department and remand this case to it for further proceedings consistent with this opinion. *See St. Martin Evangelical Lutheran Church v. South Dakota, supra*, 451 U.S. at 788, 101 S.Ct. at 2151.

*Reversed and remanded.*